## (July 20, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT S. HARRINGTON, Appellant.— *Per Curiam*. Upon his plea of guilty to two counts of an indictment charging the crime of robbery in the first degree defendant in 1947 was sentenced as a second offender by the County Court of the County of Chemung to a prison term of not less than 35 years nor more than 70 years. On April 1, 1953 the County Court of the County of Wyoming sustained a writ of habeas corpus and remanded defendant for resentencing as a first offender on the ground that the underlying prior conviction was not a felony. On July 22, 1953 defendant was accordingly resentenced as a first offender to a term of not less than 30 years nor more than 40 years. On December 3, 1953 the same court sustained a second writ and again remanded defendant to the court of original venue for resentencing upon a holding that the sentence imposed on July 22, 1953 was excessive. On October 8, 1954 defendant was again resentenced to a term of 20 to 40 years. A decade later the Supreme Court, at Special Term in Clinton County, sustained a third writ upon the ground that the 1954 sentence failed to state the crime of which he was convicted (Code Crim. Pro., § 485). In accordance with the judgment entered thereon defendant was again returned to the County Court of the County of Chemung for resentence and on November 10, 1964 was sentenced *nunc pro tunc* as of October 27, 1947 to serve from 10 to 30 years on each of the robbery counts and additional terms of not less than 5 years nor more than 10 years each pursuant to section 1905

of the Penal Law. The court directed that the sentences imposed be served consecutively. Defendant appeals from this judgment of resentence. In the preparation of the record on appeal it was discovered that the certificate of conviction furnished pursuant to section 486 of the Code of Criminal Procedure did not specify that the sentences were to be served consecutively and that the clerk's minutes stated "Sentence's [sic] to run concurrently." However, the stenographic transcript of the minutes of the proceeding read that "the sentences are to be consecutive." Following a hearing at which defendant was represented by assigned counsel, the trial court entered an order correcting the clerk's minutes to conform with the stenographic transcript. Defendant also has formally appealed from this order but upon appeal does not urge its reversal. In any event the trial court was empowered to correct the clerk's error. We find no illegality in the judgment of conviction or in the sentences imposed. (Penal Law, § 2190, subd. 4; *People* v. *Williams*, 6 A D 2d 900, affd. 6 N Y 2d 193.) We are of the opinion, however, that the combined sentences, the effect of which was the imposition of a term of 30 years to 80 years, were under the circumstances here unduly harsh and excessive and constituted an abuse of discretion. (*People* v. *Fisher*, 19 A D 2d 613.) Order appealed from affirmed. Judgment of resentence modified, on the law and the facts and in the exercise of discretion so as to provide that the sentences upon each of the robbery counts be for an indeterminate term of 10 to 20 years, such sentences to be served consecutively, and in addition one 5 to 10 year sentence under section 1905 of the Penal Law, for the equivalent of a sentence with a minimum of 25 years and a maximum of 50 years; and, as so modified, affirmed. Gibson, P. J., Herlihy, Taylor, Aulisi and Staley, Jr., JJ., concur.